Day, J.
l. pleading: turef onu£na" I. At the trial the copies of the notes annexed to the petition were read in evidence with the indorsement thereon, without objection. 'Plaintiff then ofered in evidence the judgments and petitions of Hampson v. Sail and Brooks v. Hall, in actions on the two notes. To the introduction of this evidence the defendant objected, on the ground that “it is not shown that the, notes were transferred by defendants, nor their indorsements thereof proved, nor are they in any manner connected with the judgments; and the testimony offered is immaterial and irrelevant.” The overruling of this objection const! *210 tutes the first alleged error. Chapter 28 of the laws of 1862, amending section 2967 of the Revision, provides that “ when any action * * * is founded on a written instrument, which is referred to in any pleading, and the original or a copy thereof is annexed thereto or copied therein, the signature thereto, or to any indorsement thereon, shall be deemed genuine and admitted, unless the party whose signature it purports to be shall deny the same under oath; * * * and when any other writing, purporting to have been signed by one of the parties, is referred to in a pleading, and the original or copy thereof is filed with the pleading, the signature thereto shall be taken to be genuine, and the instrument may be read in evidence against such party, unless he denies the same in writing, under oath, before the trial is commenced.” In this case the answer of defendants in regard to the allegation of indorsement is, that ‘ ‘ they have no knowledge or information sufficient to form a belief.” This denial did not cast upon plaintiff the burden of proving the genuineness of Rank’s signature. The copies were not objected to as secondary. Appellants’ abstract alleges that they were admitted to be copies of notes given by plaintiff for the machine. These copies, thus admitted, established, prima fade, the signature of Rank.
2. Evidence: judgment. It was necessary for the plaintiff to show the amounts of the judgments obtained against him on the notes. Hence the petitions and judgments were mate-an¿ reievant, and were properly admitted.
3. Nonsuit : proper. II.. It is next claimed that the court erred in overruling the defendant’s motion that the plaintiff be nonsuited. The ground of this motion relied on in the argument is as follows, to wit: “ There is no proof that either George Phelps or O. H. Oleson was the authorized or recognized agent of the defendants.” The motion was properly overruled. O. H. Oleson testified as follows: “I know plaintiff bought an .¿Etna reaper and *211 mower in 1867; lie bought it of George Phelps, at Deco-rah, who was selling for the iEtna Manufacturing Company. * * * I sent him to Phelps to buy, and Phelps allowed me a commission; Phelps employed me to sell these machines, and I sold for him.”
George Phelps testified: “ I don’t know that defendants sold the machine; I partly sold it, and Oleson partly sold it; it was the iEtna company’s machine; I was acting for the iEtna Manufacturing Company; the notes were taken payable to them.” This evidence clearly tends to establish the agency of Phelps. It would justify the jury in finding that the agency was proved.
Where there is any proper evidence before the jury, it is error to nonsuit the plaintiff, on the motion of the defendant. Crawford v. Burton, 6 Iowa, 476.
i. agent: eítabíisR agency. III. The defendant asked the court to charge the jury substantially as follows: “The fact that Amos Rank’s name is indorsed on the back of the notes made by plaintiff is not evidence that the iEtna Manufacturing Company authorized Phelps to act as their agent, nor that the company ever had the notes, without it is also proved that the name is his signature.”
“Phelps’ testimony, that he was acting for the iEtna Manufacturing Company when selling to plaintiff, is not evidence as against defendants that he was their authorized agent.”
The court refused to give these instructions, and upon this refusal, error is assigned. They were properly refused.
1. The signature of Amos Rank, not being denied under oath, needs no proof of genuineness.
2. In the next instruction asked emphasis is placed upon the word “ authorized.”
The view of defendant seems to be, that, although Phelps testified he was acting for the iEtna Manufacturing Company, he did not testify that he was authorized to so act. This position is too refined to be practical. Lan *212 guage must be understood in its ordinary acceptation. A court or jury would be hypercritical which, from such testimony, would find that Phelps acted as agent, but acted without authority.
IY. It is next claimed that the court erred' in giving the sixth, seventh and eighth instructions.
5_agent’s acts.The objection to the sixth and seventh instructions is the same as that urged in 'the motion for nonsuit, to wit: *hat there was no proof of the agency of Oleson or Phelps. It is claimed that the question of their agency was, in these instructions, improperly submitted to the jury. This position has already been considered, and needs no further notice.
The portion of the eighth instruction objected to is as follows, to wit: “ In determining whether Phelps was their agent you will look at his evidence, the manner in which he acted, and at what became of the notes, whether they were received by defendants, and all other facts laid before you by the proof.”
It is insisted that it was error for the court to tell the jury that, in determining the question of Phelps’ agency, they might look at the manner in which he acted.
Although it was not competent for the jury to find the fact of Phelps’ agency from his acts alone, yet, as bearing upon that question, they were proper to be considered in connection with his testimony and the other facts submitted. So in the instructions given there was no error.
O. Contract: retefiveryof property. Y. Lastly, it is urged that the verdict is not warranted by the evidence. The position taken is, that Hall testified ^ they could not make the machine work he was to return it; that he did not return it; hence that he has' not, on his part, complied with the agreement.
Hall testified as follows :“I tried the machine in barley; it drew heavy; did not cut well; I returned the machine to Phelps and demanded my notes; he refused to give them *213 up or to take back the machine; he agreed to come down and test the machine, and I took it back home; he afterward came down and we tried it in oats; did not make it work; I drove it into my yard, and told him he might come and take it away; it has been there for him ever-since.” ¥e are of opinion that this evidence shows the performance on the part of Hall of’ every duty imposed upon him by his contract and the law. .
We fail to discover any error in the action of the court below, and its judgment is
Affirmed.