LAKE v. CRUIKSHANK.

Pleading: DENIAL OF SIGNATURE TO WRITTEN INSTRUMENTS. The defendant in an action on a promissory note may, under a plea of *non est factum*, not under oath, show that he never signed the instrument sued on purporting to be, and as, a note, by showing that it was changed or altered to its present form from a receipt or the like. Chapter 28, laws of 1862, providing that the signature to a written instrument shall be deemed genuine unless denied under oath, relates alone to the *genuineness of the signature*, and has no application to a case like the present

*Appeal from Lee Circuit Court.*

TUESDAY, APRIL 25.

ACTION at law by plaintiff as the holder of a promissory note, made by the defendant "to Alfred Ingalls or bearer, for $250, it being given for the profits on ten seeders." Answer in general denial, failure of consideration, etc.; also, denying that he ever signed the note sued on as a note; also, by way of cross action, sets up an equitable claim for the surrender of the note as having been procured by conspiracy and fraud by the payee, the plaintiff and others. Reply in denial. The cause was tried to the court, who found that defendant did not sign the note or authorize any one to sign it for him. Judgment for defendant. The plaintiff appeals.

*W. B. Collins* for the appellant.

*F. Semple* and *D. F. Miller* for the appellee.

COLE, J. — There is nothing to show that we have all the evidence before us which was introduced on the trial in the circuit court. We cannot, therefore, say that the

finding by the court was contrary to the evidence. But it is urged that since the defendant did not deny the execution of the note under oath, it was error to receive evidence tending to prove, and also error to find, that the defendant did not sign it.

The statute relied upon is chapter 28 of the acts of the ninth general assembly (see laws of 1862, p. 30), which was enacted as a substitute for Revision, section 2967. "When any action, defense, set-off, counterclaim, or cross demand is founded on a written instrument, which is referred to in any pleading, and the original or a copy thereof is annexed thereto (or copied therein), the signature thereto, or to any indorsement, shall be deemed genuine and admitted, unless the party whose signature it purports to be shall deny the same under oath in his pleading or in a writing to be filed," etc. This statute it will be seen relates alone to the *genuineness of the signature;* while the pleadings in this case are grounded upon the idea that the instrument to which the defendant's signature was made was not a promissory note, but some other instrument, as a receipt, testimonial of agency, or the like, which was susceptible of being altered, and was so altered as to make it a negotiable promissory note ; and that the plaintiff and others had confederated together to procure "personal obligations of men under false pretenses, misrepresentations and fraud." To introduce testimony in support of these defenses did not require the pleading averring them to be under oath. The court did not find that the signature of the defendant was not genuine, but that he did not sign *the note*. This finding is not necessarily inconsistent with the idea that the signature of the defendant was genuine ; for it may have been signed to *a receipt* or other instrument, which had been so altered as to make it *a note*, to which it had not been signed.

The objection that the court received evidence tending to show that the instrument was not stamped becomes

wholly immaterial, since the court based its judgment upon the single fact that the defendant did not sign the note. · There is no finding that the paper was not properly stamped.

Affirmed.