## DOUGLASS v. MATHENY.

1. **Burden of proof: EXECUTION OF WRITTEN INSTRUMENT.** In order to cast upon the plaintiff the burden of proving the execution of the instrument sued upon, the genuineness of the *signature* thereto must be specifically and positively denied under oath. A denial of the execution of the instrument, or that defendant " ever signed or executed one of the tenor and effect set forth in the petition," is insufficient.

2. —— So, also, an allegation in the answer, that the signature to the instrument " was obtained, if defendant signed the same, and of which fact he has no sufficient knowledge, information or advice to form a belief, by false and fraudulent representations," is insufficient to cast the *onus* upon plaintiff.

*Appeal from Jasper Circuit Court.*

THURSDAY, SEPTEMBER 19.

ACTION ON PROMISSORY NOTE. Trial by the court. Judg ment for plaintiff. Defendant appeals. The further facts are stated in the opinion.

*Winslow & Wilson* for the appellant.

*Sankey & Howard* for the appellee.

MILLER, J. — I. On the trial the defendant objected to the introduction of the note in evidence, which being over-ruled he excepted and now assigns the ruling as error. The ground of the objection made in the court below, and insisted on in this court, is, that " the signing and execution of the same was denied under oath." The first count of the answer is as follows : " The defendant, answering to the petition of plaintiff, says that he denies that he ever signed or executed a promissory note of the tenor and effect as set forth in the petition of the plaintiff, or authorized or empowered any one so to do for him or in his name." The answer was sworn to by defendant.

The statute (ch. 28, Laws of 1862) provides, that "When any action * * * is founded on a written instrument, which is referred to in any pleading, and the original or a copy thereof is annexed thereto or copied therein, the signature thereto, or to any indorsement thereon, shall be deemed genuine and admitted, unless the party whose signature it purports to be shall deny the same under oath," etc. Prior to the passage of this act it was sufficient to deny under oath the "*execution*" of the instrument, to put the other party on proof thereof. See Rev., § 2967. But, under the statute first above quoted, in order to cast upon the plaintiff the burden of proving the genuineness of the signature to the note sued on, the genuineness of such signature must be denied in writing under oath by the defendant. *Hall* v. *The Ætna Manufacturing Co.*, 30 Iowa, 215; *Clinton National Bank* v. *Torry*, id. 85; *Robinson* v. *Lair*, 31 id. 9; *Loomis & Leroy* v. *Metcalf & Fuller*, 30 id. 382. It is not sufficient to deny the execution of the instrument. The *signature*, says the statute, is to be deemed *genuine* and admitted, unless the party whose signature it purports to be shall deny the same (the genuineness of the signature), under oath. The law requiring proof of the execution of a written instrument sued on, when the execution was denied under oath, having been repealed by the legislature, and the provisions of chapter 28 above quoted substituted, nothing short of a specific denial of the signature — the genuineness thereof — will be sufficient to put the plaintiff upon proof of the same. *Loomis & Leroy* v. *Metcalf & Fuller, supra.* A denial of the execution, or that defendant made or signed any such instrument as the one sued on, is not a denial of the genuineness of the signature. Nor is the denial, as in this case, that the defendant " ever signed or executed a promissory note of the tenor and effect as set forth in the petition," a denial of the genuineness of the defendant's signature to the original instrument, a copy of which only

was set out in the petition. As was said by Mr. Justice Cole, in *Lake* v. *Cruikshank*, 31 Iowa, 395: Such a denial is " grounded upon the idea that the instrument, to which defendant's signature was made, was not a promissory note, but some other instrument, as a receipt, testimonial of agency, or the like," etc. The denial is that he signed his name to a promissory note of the tenor and effect of the copy set out — not that the signature to the original instrument purporting to be his is not genuine. This latter the statute requires in order to cast the . burden of proving the genuineness of the signature on the plaintiff.

II. The third count of the answer avers that the signature of the defendant " to said alleged note was obtained, if he signed the same, and of which fact he has no sufficient knowledge, information or advice to form a belief, by false and fraudulent representations," etc. The court properly held this denial of knowledge and information to be insufficient to require proof of the signature to the note. *Loomis & Leroy* v. *Metcalf & Fuller, supra ; Hall* v. *The Ætna Manufacturing Co., supra.*

Appellant insists, however, that if his pleading was defective or insufficient appellee should have attacked it by motion or demurrer. A sufficient answer to this is, that appellee is not objecting to appellant's pleading; on the other hand, it is the appellant objecting to plaintiff's evidence, because, as he says, the signature to the note sued on was not first proved. The appellant is claiming that such preliminary proof was rendered necessary by his answer. We have seen that in this respect the answer falls short of so doing. And again, the answer denying the execution and signing of the note, *as a note*, is not vulnerable to attack by either motion or demurrer. Such denial makes an issue upon which the plaintiff's right of recovery might be defeated by showing that the instrument after it had been signed had been changed to a promissory note. See *Lake* v. *Cruikshank, supra.*

The learned counsel for appellant, in their arguments, insist, that to require them to deny the genuineness of the signature "would require something indefinite and problematical." Not so, the statute before referred to provides: "That the person whose signature it purports to be, before filing his affidavit, shall, on demand, be entitled to examine the original instrument." It was the intention of the General Assembly, by this act, to change the old rule of evidence in respect to the proof of written instruments forming the foundation of the action, and to admit them in evidence as genuine unless the signature thereto be denied under oath by the person whose signature it purports to be; and in order that there shall be no evasion or room for mistake, the defendant on demand is entitled to examine the instrument before he is required to plead thereto.

Having noticed the only questions urged in argument and finding no error in the record, the judgment of the circuit court is

Affirmed.