## Sully v. Goldsmith.

1. **Pleading : PROMISSORY NOTE: DENIAL OF EXECUTION.** The denial, in an answer, of the "execution" of a note sued on, is not sufficient to cast upon the plaintiff the burden of proving the genuineness of the signature, but will permit defendant to prove that the signature is not genuine.

*Appeal from Des Moines District Court.*

THURSDAY, APRIL 9, 1874.

ACTION on a promissory note. Judgment for plaintiff. Defendant appeals. The facts are stated in the opinion.

Sully v. Goldsmith.

*F. & F. H. Semple,* for appellant.

*P. N. Bowman,* for appellee.

MILLER, CH. J.—This case was before us on appeal by plaintiff from Henry District Court, and decided at the December Term, 1871, reported in 32 Iowa, 397. The action is upon a negotiable promissory note, purporting to be executed by the defendant to Corey & Stone, and by them indorsed to the plaintiff. The defendant in his answer denies the making of the note, alleges that it was procured by fraud, and that the plaintiff purchased the same with knowledge of the fraud. On the former appeal it was held that although the note may have been obtained by the fraud of the payee as alleged in the answer, such fraud would not affect the right of the plaintiff, who, from the evidence, was shown to be a *bona fide* holder thereof for value before its maturity, without notice of the fraud, and the judgment was, therefore, reversed. The case comes before us now on substantially the same evidence and under substantially the same instructions as on the former appeal, and precisely the same questions are now as were then involved in the case, and after a careful consideration of the case we are brought to the same conclusion then reached. In addition to what was said in our former opinion it may be remarked that the answer of the defendant does not deny the *signature* to the note under oath, so as to put the plaintiff upon proof thereof. The denial is of the *execution* of the note. This denial, of course, while it did not cast on plaintiff the burden of proof of the signature, permitted the defendant to prove that it was not his genuine signature. In this we think now, as we did on the former appeal, that the defendant has entirely failed, so that appellant's claim that the note is a forgery falls to the ground. See *Hall v. Ætna Manufacturing Co.*, 30 Iowa, 215; *Lake v. Cruikshank*, 31 Id., 395.

The judgment of the District Court is

AFFIRMED.

1. PLEADING: promissory note: denial of execution.