B. A. SEIBEL, Appellant, v. ROBERT FISHER, Appellee.

No. 40849.

Mitchell & Mitchell and Martin & Alexander, for appellant.

Frank J. Lund, for appellee.

De Graff, J.—The preceding statement as to the issue submitted calls for a brief recital on the factual side. It is alleged that the note in suit was executed on the first day of August, 1924, and payable on the first day of October, 1924, in the sum of $240, with interest at 8% after maturity; that the note was given by the defendant Fisher in consideration for 1500 pounds of hog remedy manufactured and sold to defendant by T. E. Welch, the payee of the note in question, and that subsequently and on the 10th day of August, 1924, the payee Welch sold this note for a valuable consideration to the plaintiff B. A. Seibel.

With this introduction of the parties it may be noted that evidence was offered and introduced by both the plaintiff and the defendant on the issue of fraud and on the issue of forgery. The plaintiff at the close of all testimony moved to strike from the record and withdraw from the consideration of the jury all the testimony on the question of fraud and misrepresentation in the sale of the hog medicine and based his motion on specific grounds. In the second division of plaintiff's motion he moved· for a directed verdict on the two issues (1) fraud and misrepre-

sentation and (2) forgery. In ruling on this composite motion the court said: ''The motion for a directed verdict is overruled and the plaintiff excepts and the issue of fraud will be withdrawn from the consideration of the jury in the instructions.'' It resulted, therefore, in giving Instruction 2 by the court as follows:

''The sole issue for your determination in this case is whether the defendant Robert Fisher signed the promissory note received in evidence. All other issues between the parties are withdrawn from your consideration and you will give no consideration to any issue other than the issue as to the genuineness of the signature to said note.''

The defendant in his answer under oath having alleged that the signature on the note in suit was not his genuine signature, but a forgery, the burden of proof was upon the plaintiff to establish by a preponderance of the evidence that the note in suit was signed by the defendant Robert Fisher. Grimes Savings Bank v. McHarg, 204 Iowa 322, l. c. 324; Farmers & Traders State Bank of Bonaparte v. First Nat. Bank of Farmington, 201 Iowa 73; Ainsworth Savings Bank v. Colthurst, 197 Iowa 363; Douglass v. Matheny, 35 Iowa 112. The Douglass case supra is clearly distinguishable on the fact side from the case at bar altho the legal principle announced herein is recognized and approved in the Douglass case supra. See Section 11218, Code, 1927.

The payee (T. E. Welch) named in the instant note testified that the defendant Fisher signed the note in his presence. Two witnesses, qualified as experts on handwriting, compared the admitted signature of the defendant Fisher with the signature on the note in suit and expressed their opinion that the note signature was in the handwriting of the defendant. The defendant on the contrary testified that the signature on the note was not in his handwriting. ''I never put my name on that note. I can say positively that that is not my handwriting.'' This presents a square conflict in the evidence and consequently a fact question was presented to the jury for its decision. It is well settled that this court does not determine disputed facts on appeal in a law case. As heretofore pointed out, the burden of proof was on the plaintiff. The credibility of plaintiff's wit-

nesses was for the jury. The case of In re Chismore's Estate, 166 Iowa 217, did not involve a sworn denial of the genuineness of the signature to the instrument, but a statutory denial. The opinion reads:

"This burden is not satisfied by some showing which might perhaps justify the court in permitting the instrument to go before the jury as a basis for recovery, but the denial follows to the end, and requires the claimant to establish the genuineness of the signature, by a preponderance of the evidence, as a basis for recovery. Whether she has done this is a question of fact. * * * The jury were entitled to make comparison between the claimed signatures and the proven signatures, and therefrom say whether or not the signature in question was the genuine signature of the deceased. The fact that witnesses have testified affirmatively to the existence of a disputed fact does not necessarily establish the existence of the fact in favor of the party asserting."

The jury in the case at bar did find under the conflicting evidence that the signature of the defendant to the note in suit was not genuine.

The appellant bases reversible error on Instructions 2 and 4 given by the court to the jury. It is sufficient to state that no exception was taken by the plaintiff to the challenged instructions.

The judgment entered on the verdict of the jury is—Affirmed.

FAVILLE, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.