IN RE ESTATE OF JOSIAH EARLY.

ULVA MILLER et al., Appellees, v. C. A. EARLY et al., Appellants.

No. 46421.

MARCH 7, 1944.

Hobart E. Newton, of Stuart, for appellants.

R. E. Duffield, of Guthrie Center, for appellees.

MANTZ, J.—In September 1942, certain heirs at law of Josiah Early, deceased, designating themselves as plaintiffs-proponents, petitioned the court asking that a certain written instrument dated March 13, 1915, and purporting to be the will of Josiah Early, be admitted to probate. The defendants-contestants, by way of answer, resisted the claim of the petitioners and alleged that said written instrument was not entitled to probate due to lack of proper attestation and lapse of time in being offered. The case was tried as a law action, with the jury waived, and on the 23d day of February 1943, the lower court made an order sustaining the petition and admitting the will to probate. The defendants-contestants appeal.

I. Hereinafter in this opinion we will refer to the plaintiffs-proponents as appellees, and the defendants-contestants as appellants.

The case presents a very unusual situation and some circumstances out of the ordinary. The will was made in 1915; Josiah Early died in February 1917. At the trial both of the subscribing witnesses were dead. On April 3, 1917, the instrument sought to be admitted to probate was filed in the office of the clerk of the district court of Guthrie County, Iowa, and thereafter notice was given that the same would be probated on May 2, 1917. This notice and a proper return showing publication thereof were filed in the clerk's office on September 7, 1917. So far as the record shows, no further proceedings were taken with regard to the instrument filed until the present action.

On the probate docket, after the filing, there appears an undated notation, "withdrawn, May 9, 1917." There is no record to show how or by whom this entry was made, its purpose, or under what arrangement. There appears to be no order of court

authorizing or approving said action. The offered instrument has since remained on file in the clerk's office.

About May 9, 1917, Hannah E. Early, a daughter of said Josiah Early, a beneficiary under the purported instrument and an appellant herein, petitioned for letters of administration in the estate of Josiah Early, alleging that said Josiah Early died intestate and asking that she be appointed administratrix therein. Said application was verified by one J. H. Mount, who subsequently acted as attorney for said administratrix. Said application was granted, Hannah E. Early was appointed administratrix, and all the proceedings thereinafter had were as in an intestate estate. The estate has not been closed.

The instrument offered for probate as the will of Josiah Early opens with the following paragraph:

"I, Josiah Early, residing in Panora, Iowa, and being of the age of 79 years and of sound mind and disposing memory, do hereby publish and declare this instrument as and for my last Will and Testament, and hereby direct:"

Then follow the various paragraphs of the will, in one of which (paragraph 2) there was devised to the widow, Sarah A. Early, and two daughters, Hannah Elizabeth Early and Flora Caroline Early, a life estate in and to the balance of his estate after payment of the debts, obligations, and expenses of the estate. The will closes with the following paragraph:

"In Witness Whereof, I have hereunto subscribed my name at Panora, Iowa, on this 13th day of March, A. D., 1915. Josiah Early. [Signed] E. E. Kellogg [and] J. R. Mount [witnesses]."

As above stated, the appellants resisted the probate of the instrument on the grounds that (1) same is lacking in proper attestation and (2) that by reason of the lapse of time it is not entitled to probate. Other matters in resistance were pleaded by appellants but are not urged in this appeal. The second ground, to wit, lapse of time in offering said instrument for probate, has not been urged or argued in this appeal.

When the case was reached for trial the following record was made:

"The Court: As I understand it in this present case we are simply attempting to dispose of the probate matter and the only question now involved is whether the purported will now offered for probate should, or should not be admitted to probate. Mr. R. E. Duffield: That is correct. Mr. H. E. Newton: Correct. Mr. R. E. Duffield: It is stipulated by both parties, plaintiff and defendant, that the instrument marked Exhibit 'A' was filed in the office of the Clerk of the District Court in and for Guthrie County, on the 3rd day of April, 1907. Mr. H. E. Newton: 1917. Mr. Duffield: 1917. And the instrument marked Exhibit 'B' was also filed * * * on the said date. Exhibit 'A' being the instrument alleged by the plaintiffs to be the last will and testament of Josiah Early, and Exhibit 'B' being the petition for its probate."

It will be seen from the foregoing that the one issue in the case before the lower court was whether or not the proffered instrument was entitled to be probated as the will of Josiah Early. The burden of proof rested upon the appellees to establish that fact. The action being at law, and having been tried to the court with the jury waived, the finding of the court is equivalent to the verdict of the jury.

II. It will be noted that the will does not have an attestation clause. It purports to be signed by Josiah Early and names as its witnesses J. R. Mount and E. E. Kellogg. While it is customary and is considered the better practice to use an attestation clause in the execution of a will, still the statute does not so require. Section 11852, Code, 1939; Hull v. Hull, 117 Iowa 738, 89 N. W. 979; Nixon v. Snellbaker, 155 Iowa 390, 136 N. W. 223. We do not understand appellants to seriously argue that the lack of an attestation clause will, in and of itself, prevent probate.

As both witnesses were deceased at the time of trial it was proper to show that they had signed the instrument by other evidence. In re Estate of Allison, 104 Iowa 130, 73 N. W. 489; Scott v. Hawk, 105 Iowa 467, 75 N. W. 368. In Lawson's Rights, Remedies, and Practice, section 3198, the text is as follows:

"Where the witnesses are all dead * * * proof of the hand-

writing of the witnesses and of the attestation [clause] may be given.''

''The most satisfactory proof of handwriting is, of course, the testimony of the person whose writing is in issue, if he is available as a witness. If he is unavailable, the next best proof is the testimony of a witness who saw the instrument in question executed and is able to identify it. The next best testimony is thought to be that of witnesses who have seen the party whose writing is in controversy write or who have had access to, or possession of, his writing so as to impress the character of the writing upon the mind and are able to form an opinion by comparing the impression of the writing on their minds with that which is admitted for examination.'' 20 Am. Jur. 618, section 742.

In the same volume, 619, section 743, it is said that it is difficult to lay down any precise rule by which to determine the authenticity of the writing used for comparison beyond saying that the proof must be satisfactory. It is further said in the same section that ''the decision of the trial court upon the question of the admissibility of a writing as a standard is ordinarily not reviewable by the appellate court, if there is any competent evidence to support it.'' It has also been held that the signatures of officials on documents produced from official archives, the genuineness of which has never been questioned, and which are officially treated as authentic, may be admitted in evidence as a standard of comparison. See, also, 31 C. J. S. 599, section 38.

Twenty-seven years had elapsed between the execution of the disputed instrument and the time the case was tried. J. R. Mount, a subscribing witness to the instrument offered, was a lawyer who had practiced at Panora many years and during a part of that period had been county recorder of that county. As such he was custodian of the records of the recorder's office. E. E. Kellogg, the other purported witness, was for many years a resident of Panora and for a part of said period was mayor of such city and had in his possession as such official a mayor's docket. The records of the recorder's office were produced at the trial. These records showed numerous signatures of J. R. Mount. The mayor's docket was produced and this was shown to

contain many signatures of E. E. Kellogg. These records were offered and received in evidence.

Appellants do not deny that the name "Josiah Early" attached to the instrument offered for probate is the signature of Josiah Early. Appellees called as a witness C. A. Early, a son of Josiah Early. The following is his testimony on the matter:

"I am a farmer. I am a son of Josiah Early. I was one of those who signed the objections to the probating of the will of Josiah Early. As far as I know the signature on the will is his signature. It looks like it might be his signature. I didn't see him sign it. I wouldn't swear to it being his signature."

Appellees, to establish the signature of the witness Mount, offered as a witness W. Frank Moore, who had practiced law at Guthrie Center for over forty years and also operates an abstract business at that place. This witness had known Mount for many years, was related to him by marriage, and had been associated with him in cases in court. He testified that he was familiar with the signature of J. R. Mount and on many occasions had come across his signature on the official records of the county and also on abstracts. Moore testified that the signature "J. R. Mount," appearing as a witness on the purported will of Josiah Early, was the signature of J. R. Mount.

Appellees offered a witness, D. D. Rees, of Panora, to identify the signature of E. E. Kellogg as the same appeared on the purported will. Rees testified that he had lived in Panora for many years and was well acquainted with E. E. Kellogg, and that for some years he was manager of the light-and-water service of that city and that part of this time E. E. Kellogg was mayor and witness worked under his supervision. Rees testified he received his pay in warrants signed by Kellogg; said he had seen Kellogg sign his name and that he was familiar with his signature.

The mayor's docket kept in that office was produced and in it Rees pointed out and identified signatures thereon as having been made by E. E. Kellogg. Rees testified that the signature "E. E. Kellogg," appearing as a witness on the purported will of Josiah Early, was the signature of E. E. Kellogg.

It seems to us that these witnesses were amply qualified to give the testimony elicited. In the abstract business Moore would doubtless frequently examine the records in the recorder's office and in so doing would come in contact with the signature of the recorder. In addition, he had had contact with Mount over a long period of time and had been associated with him in a professional capacity. Rees had known Kellogg for a number of years. They both lived in the same town. Rees had worked under Kellogg while the latter was mayor and in so doing had been in frequent contact with him and had witnessed him writing his name.

The witnesses Moore and Rees were giving testimony concerning certain signatures purporting to be by J. R. Mount and E. E. Kellogg while acting as witnesses to an instrument claimed to be the will of Josiah Early. This testimony dealt with the handwriting of Mount and Kellogg. Each testified as to knowledge, identity, and familiarity with such handwriting. The objection was made to the competency of such testimony. The long period of time during which each of these witnesses was in contact with the alleged witnesses to the will should give much weight to their testimony, especially in view of the fact that their testimony in that respect stands without contradiction. We hold that the evidence of these two witnesses was admissible. The matter presented to the court called for a determination of a fact question. Whether Josiah Early signed the instrument offered as his will presented that question. In re Estate of Chismore, 166 Iowa 217, 147 N. W. 297; Seibel v. Fisher, 213 Iowa 388, 239 N. W. 34; State v. Wickett, 230 Iowa 1182, 300 N. W. 268. The court had before it the purported will, the various records bearing signatures purporting to be those of J. R. Mount and E. E. Kellogg, and the witnesses who gave testimony. Such court held that the record before it was sufficient to entitle the instrument offered to be probated as the will of Josiah Early. We hold that there was substantial evidence upon which the court could base its finding and feel that such finding is binding upon this court. The decree of the lower court is affirmed.—Affirmed.

All JUSTICES concur.