STARRY v. THE DUBUQUE & S. W. R. Co.

1. **Negligence**: FAILURE TO SHOW CARE OF DECEASED: RAILROADS. Where, in an action against a railway company for the negligent killing of plaintiff's intestate, no evidence was introduced showing that the deceased exercised ordinary care, and the circumstances made it affirmatively appear that he did not exercise such care, *held*, that the court was justified in directing a verdict for defendant.

*Appeal from Cedar Circuit Court.*

THURSDAY, JUNE 12.

IT is alleged in the petition that John Janicky, while exercising ordinary care, when crossing the track of defendant, was run over and killed by a train of cars on said road, through the fault and negligence of the defendant and its employes. There was a denial of the allegations of the petition, in the answer, and it was alleged therein that the deceased was guilty of contributory negligence. Upon the conclusion of the evidence the court, at the request of the defendant, directed the jury to find for it, which they did, and judgment having been rendered on such verdict, the plaintiff appeals.

*J. B. Young*, for appellant.

*Hubbard, Clark & Deacon*, for appellee.

SEEVERS, J.—The defendant requested the court to direct the jury to find for it upon two grounds, the first being that

1. NEGLIGENCE: failure to show care of deceased: railroads.

there was no testimony tending to show negligence on its part, and, second, that the deceased was guilty of contributory negligence. The accident occurred about 6 o'clock in the evening of the 26th day of October, 1877. There was evidence tending to show it was foggy, dark and misting. The train which caused the accident consisted of two flat cars in front of the engine and

several other cars in its rear. It was not running more than six miles an hour and was approaching the station in Cedar Rapids, and the collision occurred on Madison, at its intersection with Ely street, in said city. The plaintiff did not introduce any witness who saw the train strike the deceased, or who was at the place when the occurrence took place. Substantially, all that the evidence on the part of the plaintiff tended to prove was that the deceased was killed by the train, the negligence of the company, and evidence affecting the question of damages. On the question as to the care of the deceased no testimony whatever was introduced, unless it can be said such care may be inferred or presumed from circumstances, and the known habits and impulses of all men to exercise ordinary care in protecting themselves from injury or death.

The defendant introduced as witnesses Sullivan, a brakeman on the train, Lynett, the engineer, and Callahan, a section hand who was on the engine. All these witnesses testify the head-light was burning, and as to this there is no controversy. The defendant's witnesses testify they could see distinctly for one hundred and fifty feet in front and on each side of the engine. These witnesses saw the deceased. To use the language of one of them the light from the headlight "struck him fair." When seen by one of them he was walking "kind of sideways, at a pretty good gait, and was heading toward the train." The deceased had resided in Cedar Rapids for some time, had just crossed a side track, and must have known he was in the vicinity of a railroad. Sullivan testifies he was on the front car before the engine; that he had a lantern, and that when the deceased "stepped up on a pile of iron, two feet from the track, I called to him to 'look out,' but he paid no attention to me. The car struck him as he crossed. The corner of the car struck him." Callahan testifies Sullivan was on the front car with a lantern, and that he heard "Sullivan 'holler' a couple of seconds before

the signal" to stop the train, as we understand, because of the accident.

Fisher, a witness for the plaintiff, who saw the train two blocks from where the collision occurred, testifies that he did not see anybody with a light on the cars in front of the engine. In other respects the testimony of the witnesses for the defendant is uncontradicted.

There was no evidence tending to show the view of the plaintiff was in any manner obstructed. If the deceased had looked he could, without doubt, have seen the train, and if he had taken this precaution before stepping on the track this unfortunate accident would not have occurred. The law requires this much at his hands before damages can be recovered for his death. *Artz v. C., R. I. & P. R. Co.*, 34 Iowa, 160. We regard the law to be so well settled, and it so accords with reason and common sense, that a citation of other authorities in its support is not required. We may say, also, that the learned counsel for the appellant does not claim the law to be otherwise, but he insists that ordinary care by the deceased may be inferred from circumstances surrounding the transaction, and that it is for the jury to determine from the evidence whether the required care existed or can be inferred. In support of this proposition *Morris v. C., B. & Q. R. Co.*, 45 Iowa, 29, is cited. This, for the purposes of this case, will be conceded. But we are of the opinion it affirmatively and conclusively appears the deceased did not exercise the care the law requires at his hands.

It is also urged that as the employes of the defendant saw the deceased, it was their duty to stop the train if necessary to avoid injuring him, or in some manner warn him of approaching danger. Such is not the law in such a case as that at bar. The train men had the right to suppose the deceased would not heedlessly step on the track in front of the train. Besides this, he was warned by the head-light and by Sullivan. He might not have heard the latter; of the former he was bound to take notice.

It is further insisted that the witnesses on the part of the defendant by the cross-examination were shown to be unworthy of belief. This assumption is unwarranted. There is nothing in the record upon which it can possibly be based. The court below heard and saw these witnesses on the stand, and without doubt concluded no reason existed upon which the assumption could be based. Such being the case, it would have been the duty of the court to set aside a verdict in favor of the plaintiff. Why, then, occupy the valuable time of the court at the public expense, for the purpose of going through a useless form and ceremony?

AFFIRMED.