SKELLENGER v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Practice:** ORDERING VERDICT FOR DEFENDANT. Upon consideration of this case—an action for damages for personal injury—*held* that, as there was no evidence of the alleged negligence upon which the action was grounded, the court did not err in directing the jury to return a verdict for defendant.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 18.

THE plaintiff claims that on the fourteenth of February, 1883, he was employed by the defendant as head brakeman on a freight train, and that, at Hubbard, in Hardin county, he was about to make a coupling, and "gave the engineer of the train the signal to slow up, and then went in between the cars to make the coupling, but the engineer, neglecting, failing and refusing to obey the plaintiff's said signal, kicked the cars back upon the plaintiff with great force, and caught the plaintiff's fore finger in the draw bar and deadwood, and so crushed and mangled it that amputation became necessary; and also the draw bar of one of the cars plaintiff was attempting to couple was out of repair, and was driven back out of place, and this contributed to the injury."

There was a trial by jury. After the testimony was all introduced, and after plaintiff's counsel had argued the case to the jury for about half an hour, the court upon its own motion directed the jury to return a verdict for the defendant. Plaintiff appeals.

*Sutton & Childs*, for appellant.

*Hubbard, Clark & Dawley*, for appellee.

ROTHROCK, J.—The question to be determined is, did the court err in directing a verdict for the defendant.

Counsel for appellant contends that when there is any evi-

dence that tends in any degree to establish the cause of action, it is error to take the cause from the jury. On the other hand, counsel for the appellee contend that it is not the law that when there is any evidence, however slight, the case must go to the jury.

We do not find it necessary to determine that question in this case, because, taking the rule as stated by the appellant, we think the court did not err.

The only evidence that the plaintiff received any injury whatever was that of the plaintiff himself. Now, in order to constitute any evidence which could properly be submitted to the jury on account of the negligence of the engineer, it was necessary to show that the engineer disobeyed the signal given by the plaintiff, and kicked the train back after the signal to slow. The plaintiff stated that he gave the engineer the signal to back up to make the coupling, and one signal to slack. He then stepped between the cars, and took the link which was on one of the cars, and walked with that car, holding up the end of the link, and made the coupling. He did not testify that the train was kicked back. If the train moved no faster than plaintiff could walk, and was not kicked back as plaintiff alleged in the petition, there was no evidence of negligence upon the part of the engineer. As to driving in the draw bar, there is no evidence whatever that any of the officers of the defendant had any knowledge that the draw bar was in any way defective, or that it was defective in its original construction. Without some evidence on this question there could be no recovery for that defect, if there was any defect.

We think there was an entire want of evidence upon these material issues in the case, and we are the more ready to so hold, because four or five men who were on the train, including the engineer and conductor, all testified that they had no knowledge that the plaintiff was injured as he claims he was. It appears that he had his finger injured some time before that in handling coal buckets, and had some of his

fingers on the same hand frozen, and that he had his hand done up with wrappings as a protection to the injuries previously received. The plaintiff did not claim in his testimony that he told any of the train men that he had been injured, excepting the conductor, and the conductor denied that he made any complaint to him. As was said in *Starry v. D. & S. W. R'y*, 51 Iowa, 419: "It would have been the duty of the court to set aside a verdict in favor of the plaintiff. Why, then, occupy the valuable time of the court, at the public expense, for the purpose of going through a useless form and ceremony."

AFFIRMED.