## SCOVIL V. FISHER.

1. **Judgment:** JURISDICTION : RECITALS : APPEARANCE OF COUNSEL: EVIDENCE : PRESUMPTION. R. began an action against P. to foreclose a mortgage, and made S., who held one of the mortgage notes, a party. S., in a cross-petition, asked for judgment on his note and for a foreclosure of the mortgage ; and a personal judgment was rendered in his favor against P., although P. was served with notice of the cross-petition by publication only, and the decree recited that he appeared neither in person nor by attorney. In an action to enforce the judgment against P.'s administrator, it was shown by the record that attorneys appeared for P. in the case at a term prior to that at which the judgment was entered, and one of the attorneys testified that his firm appeared in that case for P. But it appeared that these attorneys appeared also for S. in the case. *Held* that, if this evidence was admissible at all as against the recitals in the decree, it must be regarded as showing only that these attorneys appeared for P. in the original case, and not as to the cross-petition, because they could not lawfully have appeared for both S., the plaintiff in the cross-petition, and P., the defendant therein; and the court will entertain presumptions in favor of the lawful conduct of attorneys, and of the truthfulness and consistency of judicial records. Consequently, *held*, further, that the personal judgment was invalid for want of jurisdiction to render it.

2. **Pleading:** CLAIMS AGAINST ESTATES : DENIAL PRESUMED. In an action upon a judgment as a claim against an estate, no answer is necessary, but the administrator, by resisting the claim, not only puts in issue the validity of the judgment, but of the debt on which it is founded, so that no recitals of the judgment are to be regarded as *prima-facie* evidence against him because not denied.

*Appeal from Kossuth District Court.*—HON. LOT THOMAS, Judge.

FILED, JANUARY 31, 1889.

THE plaintiff, Scovil, filed in the district court, sitting as a court of probate, a claim against the estate of Lorenzo Price. based on a judgment of the district court of Dallas county. Upon a trial on the merits the claim was disallowed and rejected. Plaintiff appeals.

VOL. 77—7

Scovil v. Fisher.

*H. E. Long*, for appellant

*George E. Clarke*, for appellee.

BECK, J.—I. The judgment which is the foundation of plaintiff's claim was rendered in an action to foreclose a mortgage, brought by one Richard against Price and wife, the mortgagors, the plaintiff in this suit, Scovil, who held a note secured by the mortgage, and others, who claimed some interest in the real estate covered by the mortgage. Scovil filed a cross-bill, asking a foreclosure of the mortgage, and a judgment on his note. The notice to the mortgagor Price of the filing of the cross-bill was given by publication. The decree declares that Price appeared neither in person nor by an attorney, but a personal judgment is rendered against him for the amount due on the note. This is the judgment filed as the foundation of plaintiff's claim.

**1. JUDGMENT: jurisdiction: recitals: appearance of counsel: evidence: presumption.**

II. It is not, and cannot be, claimed that the judgment in question is *in personam*, and bound Price or his property other than as a judgment *in rem*. But it is insisted that the evidence shows that Price appeared in the action by attorney, and therefore he should be held bound personally by the judgment. We think that the evidence fails to overcome the decree which declares that the court found that defendant Price appeared neither in person nor by attorney, if, indeed, it is not conclusive, and may be contradicted by evidence *dehors* the record. The record at a prior term recites that attorneys entered their appearance for Price. But it is not shown that the appearance was to the cross-bill. The appearance, doubtless, was to the original action, and not to the cross-bill. This conclusion is supported by the fact that the attorneys entering their appearance for Price were in fact, as is shown by the decree and the papers in the case, the attorneys of Scovil, the plaintiff in this case. It is not to be presumed

that respectable attorneys would appear both for Scovil and Price, the plaintiff and defendant in the cross-bill, or that the court would permit such a thing.

III. One of the attorneys testifies that his firm did appear in the case for the defendants,—Price among the number. He does not testify that he appeared to the cross-bill for Price. He could have properly appeared in the case for Price in resistance to the original petition, but he could not have appeared lawfully in resistance to the cross-bill. The law will presume he did not appear to the cross-bill for Price. The record will thus be consistent with itself, and all parts of it will stand, and it will appear that the attorneys did not violate their professional duty by appearing both for the plaintiffs and defendant in the cross-bill.

IV. Counsel for plaintiff insist that, conceding the judgment is *in rem*, the findings shown therein are *prima-facie* evidence of the amount due plaintiff, in view of the fact that there is no denial of the original debt. But as there was no written answer to the claim, in

2. PLEADING : claims against estates : denial presumed.

accord with the practice in such cases, wherein no formal pleadings are required, the resistance of the defendant put in issue all matters upon which a defense to the claim could be based, usually set up by a general denial. It is not to be presumed that defendant admitted plaintiff's right to recover, or the validity of his claim. The claim was based on the judgment, which is invalid, and not binding as a judgment *in personam*. The judgment, therefore, does not support plaintiff's right to recover in this action; and even if counsel's position, that it is *prima-facie* evidence of the amount of the the claim, be correct,—which we do not hold,—plaintiff cannot recover, for the reason that the judgment and other evidence does not establish his cause of action. In our opinion the judgment of the district court ought to be                                        AFFIRMED.