S. J. SMITH, Guardian, Appellant, v. N. N. KING, Executor, Appellee.

Promissory Note: ACTION AGAINST ESTATE OF DECEDENT: GENUINE-NESS OF SIGNATURE: BURDEN OF PROOF. In an action upon a promissory note filed as a claim against the estate of one deceased, and not admitted by the executor, the denial of the execution of the note by a pleading filed, or the denial made by law under section 2410 of the Code, puts in issue the genuineness of the signature, and the burden is on the plaintiff to prove its genuineness before the note can be admitted in evidence.

*Appeal from Madison District Court.*—HON. J. H. APPLEGATE, Judge.

MONDAY, MAY 15, 1893.

PROCEEDING to establish a claim against an estate. There was a judgment against the plaintiff for costs, and he appeals.—*Affirmed.*

*Steele & Robbins*, for appellant.

*John Leonard & Son* and *A. R. Dabney*, for appellee.

KINNE, J.—I. July 15, 1891, the plaintiff filed, as a claim against the estate of the decedent, Jane King, a promissory note on which there was then due, including interest, two hundred and eight dollars and eighty cents. He also claimed twenty dollars and forty-five cents as attorney's fee on said note. Due notice, and a copy of the claim, were properly served on the defendant. The defendant filed an answer denying all allegations of the plaintiff's petition, except those that are expressly admitted, or that are otherwise responded to. He expressly denied that the deceased ever made, executed or delivered to the plaintiff, or to anyone, the note sued on, or that she was ever indebted to the plaintiff. He avers that deceased never had any dealings with the plaintiff; that she never made her mark to said note, and never authorized anyone to do so for her; that she never assented or consented to the execution of said note; and that the signature thereto, if intended for her signature, is a forgery. He prayed judgment for costs. The answer is verified by the executor.

The note is in the usual form, payable to S. J. Smith, guardian, and is signed:

"A. R. KING.

·her

JANE X KING."

mark

The cause was tried to the court. The plaintiff offered in evidence the note, which was objected to as irrelevant, immaterial, and incompetent. The court admitted the note, without requiring the plaintiff first to prove the genuineness of the signature of said Jane King, but reserved the right to change its ruling, and reject the note as evidence without such proof, if so advised in the further progress of the trial. Counsel for the plaintiff at the time advised the court that they were unable to make such proof. Thereupon the plaintiff rested. The defendant then introduced evidence for the purpose of showing that the signature was not genuine. The judge having, by consent, taken the case under advisement, on January 7, 1892, filed his findings, wherein he changed his former ruling, and excluded the note as evidence, and rendered judgment for the defendant for costs.

II.     The only question presented is, did the court err in holding that the note was not admissible, in the absence of any evidence as to the genuineness of the signature of Jane King? The question presented involves the construction of sections 2410 and 2730 of the Code. Section 2410 provides that all claims filed against an estate, and not expressly admitted in writing, signed by the executor, with the approbation of the court, shall be considered as denied, without any pleading on behalf of the estate. Section 2730 provides that, when a written instrument is the basis of the action, the signature thereto shall be deemed genuine and admitted, unless the person whose signature the same purports to be shall deny

the genuineness of such signature under oath.   Under section 2410 it has been held that the denial made by the law puts in issue all matters upon which a defense to the claim could be based, usually set forth in a general denial (*Scovil v. Fisher*, 77 Iowa, 97), and that such denial casts the burden on the plaintiff to establish every material allegation of his petition. *Lamm v. Sooy*, 79 Iowa, 597.   In *Ashworth v. Grubbs*, 47 Iowa, 354, it was expressly held that a denial of the execution of the note included a denial of the genuineness of the signature, in cases of this character.   It seems to us that that case is decisive of this one.

The plaintiff claims that while the case last cited holds that the genuineness of the signature of deceased may be put in issue by a denial of the execution of the note only, still the presumption remains that the signature is genuine, and the burden rests upon the defendant to overcome it.   We do not so understand it.   We think that the law, in such cases, is that a denial of the execution of the note, made by a pleading filed, or a denial made by the statute, (Code, section 2410), puts in issue the genuineness of the signature to the note, and the burden is on the plaintiff to show the genuine character of the signature before he is entitled to bring his note in evidence. As is held in *Ashworth v. Grubbs*, *supra*, from the very nature of the circumstances surrounding such cases, the statute cannot apply.   The one who it is claimed signed the instrument is dead.   He is prevented from denying the genuineness of the signature; and it is a most salutary rule that requires, in such cases, that the plaintiff establish the genuine character of the signature before he shall be permitted to put the paper in evidence.   We need not, however, rest the decision of this question on the case of *Ashworth v. Grubbs, supra*, alone.   As we have indicated,

section 2730 of the Code clearly imposes on the plaintiff the burden of showing the genuineness of the signature of the decedent. The claim is denied without any pleading on the part of the estate. As no pleading is required on behalf of the executor, the denial which the law makes continues to exist in his favor, even if he file a pleading, except in so far as he may, by such pleading or otherwise, waive the provisions of the statute. The law puts in issue the truth of every allegation and claim which is essential to the plaintiff's recovery. It disposes of the presumptions which ordinarily obtain in favor of the genuineness of the signature to a written instrument when the statutory denial is not made, and says to the claimant, "The burden is on you to show that the decedent executed this note, before you can make it evidence against his representative." Even if the plaintiff's contention was correct as to the effect of section 2410, still he would be required, under section 2730, to introduce evidence to show the genuineness of the signature to his note before he could put it in evidence. In any view of the case, the holding of the district court was right, and its judgment is AFFIRMED.