In the Matter of CHARLES C. CHISMORE, Deceased, CLARISSA A. CHISMORE BIDER, Claimant, Appellant, v. ANNA CHISMORE, Administratrix, Appellee.

Negotiable instruments: SIGNATURE: CONSIDERATION: PRESUMPTION. The signature to a promissory note may be proven by the person who saw it placed there, or by those who know the handwriting and signature of the maker, or by comparison with other proven signatures of the party, and when proven its due execution for a valuable consideration is presumed.

Same: PROOF OF DUE EXECUTION BY ONE DECEASED. Ordinarily when suit is brought upon a promissory note the signature is deemed to be genuine and admitted, unless denied under oath, and to have been issued for a valuable consideration; but this rule does not apply when a note is made the basis of a claim against an estate, as both the execution and genuineness of the signature are put in issue by the statutory denial without any pleading to that effect, and the burden in such cases is placed upon the claimant to prove due execution and a good or sufficient consideration in the first instance.

Same: NEW TRIAL: SUBMISSION OF ISSUES. On the question of due execution and delivery of the note, sought to be established as a claim against an estate, the evidence is held to justify the granting of a new trial and submission of the issue.

New trial. An order granting a new trial will not be reversed except for an abuse of the court's discretion in the matter.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

SATURDAY, MAY 16, 1914.

APPEAL from the action of the court in granting a new trial. Defendant appeals.—*Affirmed.*

*E. J. Dahms* and *F. L. Anderson,* for appellant.

*J. H. Preston* and *E. C. Preston,* and *E. R. Baskerville,* for appellee.

Gaynor, J.—On February 10, 1912, Anna Chismore was duly appointed administratrix of the estate of Chas. C. Chismore, deceased, and qualified as such. On February 12, 1912, Clarissa A. Chismore Bider filed in the district court, in which said administration was pending, a claim against the estate of Chas. C. Chismore, which claim was in the following words and figures:

Claimant claims the sum of three thousand dollars against the estate of Charles C. Chismore upon promissory note given July 7, 1910, together with interest at six per cent from date thereof. A copy of note is hereto attached. Cedar Rapids, Ia., July 7, 1910. After date, for value received, I promise to pay Clarissa A. Chismore Bider, or order, $3,000.00 (three thousand dollars) at Cedar Rapids, Iowa, with interest payable semiannually at the rate of 6 per cent per annum from ———— until paid. If any part of the principal or interest of this note is not paid when due, the overdue amount shall bear interest at the rate of 8 per cent per annum after maturity until paid, payable semiannually. If this note is not paid at maturity ———— agree to pay expenses of collection, including legal attorney fee, and hereby consent that any justice of the peace may have jurisdiction on this note, provided the amount does not exceed three hundred dollars. All parties to this note, including sureties, indorsers and guarantors, hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest and diligence in bringing suit against any party thereto, and hereby consent that time of payment may be extended from time to time without notice thereof.

To which the administratrix answered as follows:

Comes now the above-named defendant, and for answer and defense to the claim of plaintiff filed herein says: That she reserves for herself as such administratrix, and relies upon all the provisions of the law constituting a defense in behalf of said estate against said claim, the same as though specifically set out herein. And for further defense this administratrix says: That on and prior to the 9th day of November, 1901, the said claimant and the said deceased were husband

and wife, that on said day a divorce was granted by this court, and by the decree in said divorce proceedings it was provided that deceased should pay to said claimant alimony as therein specified. That deceased complied with all the provisions of said decree by paying to said claimant the alimony therein provided for, and that all of said decedent's obligations thereunder were thereby fully and finally settled and satisfied. And this defendant avers that, since the satisfaction of said alimony by decedent, the said decedent never was indebted to said claimant in any sum whatever, neither did he have any business transaction with said claimant of any character from said date up to the time of his death. Wherefore defendant says that said pretended note has not, and never had, any consideration for its execution, and the same is void and of no effect. Wherefore this defendant asks that said estate be protected from the allowance of said illegal claim.

Upon the issue so tendered, the cause was tried to a jury. Upon the conclusion of all the testimony, the court, on the motion of the claimant, directed a verdict for the claimant. Thereupon the jury returned a verdict for the amount of the note, to wit, $3,469. Thereafter, and within the time allowed by law, the administratrix filed her motion for a new trial, which was by the court sustained and a new trial granted. From the order granting a new trial, the claimant, Clarissa A. Chismore Bider, appeals, and assigns the following errors for reversal: "First. The court erred in holding that the question of the genuineness of the signature to Exhibit A was for the jury. Second. The court erred in holding that the question as to whether or not there was a consideration for the note was for the jury. Third. The court erred in sustaining the motion of the administratrix for a new trial."

This case presents a question of fact. The burden of proof rested upon the claimant. To recover, the plaintiff must establish two propositions: (1) That the note, upon which she predicates her right to recover, was executed by intestate. (2) That it rests upon a good or valuable consideration.

· The signature to the note being proven, the presumption is that it was executed by the party whose signature is attached thereto. The signature may be proven by the testimony of one who saw it placed there, or by

**1. Negotiable Instruments: signature: consideration: presumption.** the testimony of those who are familiar with the handwriting of the deceased, or who have seen him write and know his signature, or it

may be proven by the testimony of experts, by comparison, or by comparison by the jury, with writing proved to be genuine. See section 4620 of the Code. Every negotiable instrument is deemed, *prima facie*, to have been issued for a valuable consideration, and every person whose signature appears thereon, to have become a party thereto for value. See Code Supplement, section 3060-a24.

The general rule is that where suit is brought upon a negotiable promissory note, and the original or copy thereof is

**2. Same: proof of due execution by one deceased.** attached to the pleading, the signature thereto is deemed to be genuine and admitted, unless the person whose signature the same purports

to be shall, in a pleading or writing filed within the time allowed for pleading, deny the genuineness of such signature. See section 3640 of the Code. In such case, where there is no denial under oath, as required by the statute, no proof of the genuineness of the signature is required of the party presenting it.

Where, however, the claim is against an estate, based upon a note, claimed to have been executed by one who is dead, this provision of the statute does not apply, for the reason that the dead can neither affirm nor deny. The execution of the note and the genuineness of the signature are put in issue by the statutory denial. This denial avoids the presumption which ordinarily obtains in favor of the signature on a written instrument, when the statutory denial is not made. See section 3340 of the Code. The law interposes, on behalf of the estate, a denial of the claimant's right to the relief for which she prays, without any pleading on behalf of the estate. In this

case, the plaintiff's right to recover rests upon due proof of the execution of the instrument upon which she relies, and that it rests upon a good or sufficient consideration.  See *Schulte v. Coulthurst*, 94 Iowa, 418.

In *Smith v. King*, 88 Iowa, 106, this court had occasion to discuss this question in a case involving the question here under consideration.  In *Smith v. King*, the plaintiff sought to establish a claim against the estate of which the defendant was the executor.  The claim was founded upon a promissory note.  The court admitted the note, without proof of the genuineness of the signature, on the theory that the signature was not denied under oath, but, upon a reconsideration of the case, changed its ruling, and held that the note could not be introduced in evidence without such proof, although there was no denial, under oath, of the genuineness of the signature.  This court, in passing upon the question, said:

The only question presented is:  Did the court err in holding that the note was not admissible, in the absence of any evidence as to the genuineness of the signature of Jane King?  The question here presented involves the construction of section 2410 (now 3340), and section 2730 (now 3640), of the Code.  Section 2410 (3340) provides that all claims filed against an estate, and not expressly admitted in writing, signed by the executor, with the approbation of the court, shall be considered as denied, without any pleading on behalf of the estate.  Section 2730 (3640) provides that, when a written instrument is the basis of the action, the signature thereto shall be deemed genuine and admitted, unless the persons whose signature the same purports to be shall deny the genuineness of such signature under oath.  Under section 2410 (3340), it has been held that the denial made by the law puts in issue all matters upon which a defense to the claim could be based, usually set forth in a general denial, and such denial casts the burden upon the plaintiff to establish every material allegation of his petition.  In *Ashworth v. Grubbs*, 47 Iowa, 354, it was expressly held that a denial of the execution of the note included a denial of the genuineness of the signature in cases of this character.  .  .  .  The plaintiff

claims that, while the case last cited holds that the genuineness of the signature of the deceased may be put in issue by a denial of the execution of the note only, still the presumption remains that the signature is genuine, and the burden rests upon the defendant to overcome it. We do not so understand it. We think that the law, in such cases, is that a denial of the execution of the note, made by a pleading filed, or a denial made by the statute (Code, section 2410, now 3340), puts in issue the genuineness of the signature to the note, and the burden is on the plaintiff to show the genuine character of his signature before he is entitled to bring his note in evidence. As held in *Ashworth v. Grubbs, supra,* from the very nature of the circumstances surrounding such cases, the statute cannot apply. The one, who it is claimed signed the instrument, is dead. He is prevented from denying the genuineness of the signature; and it is a most salutary rule that requires, in such cases, that the plaintiff establish the genuine character of the signature, before he shall be permitted to put the paper in evidence. We do not, however, rest the decision of this question on the case of *Ashworth v. Grubbs, supra,* alone. As we have indicated, section 2730 (now 3640) clearly imposes on the plaintiff the burden of showing the genuineness of the signature of the decedent. The claim is denied without any pleading on the part of the estate. As no pleading is required on behalf of the executor, the denial which the law makes continues to exist in his favor, even if he filed a pleading, except in so far as he may, by such pleading, or otherwise, waive the provisions of the statute. The law puts in issue the truth of every allegation and claim which is essential to plaintiff's recovery. It disposes of the presumption, which ordinarily obtains in favor of the genuineness of the signature to a written instrument when the statutory denial is not made, and says to the claimant, 'the burden is on you to show that the decedent executed this note, before you can make it evidence against his representatives.'

This case and its holding are approved in *Black v. Miller,* reported in 158 Iowa, 293, although the condition of the record there was not the same as here. It therefore follows, from what has been said, that the burden rested upon the claimant to show the due execution of the instrument upon which she

predicated her right to recover; that the signature was the genuine signature of the intestate against whose estate she seeks to enforce her claim. This burden is not satisfied by some showing, which might perhaps justify the court in permitting the instrument to go before the jury as a basis for recovery, but the denial follows to the end, and requires the claimant to establish the genuineness of the signature, by a preponderance of the evidence, as a basis for recovery. Whether she has done this is a question of fact. It is true she introduced testimony of some experts who claimed to be familiar with the handwriting of the deceased; who claimed to know his signature, and they testified that it was genuine. It is also true that the claimant introduced other signatures, claimed to be genuine, for the purpose of comparison. It is not for us to say that these signatures, when compared, did, or did not, negative the testimony of these living witnesses who testified as to its genuineness. The jury were entitled to make comparison between the claimed signatures and the proven signatures, and therefrom say whether or not the signature in question was the genuine signature of the deceased. The fact that witnesses have testified affirmatively to the existence of a disputed fact does not necessarily establish the existence of the fact in favor of the party asserting. The lips of the person who could testify as to the genuineness of the signature are forever closed. It is not claimed that any one saw him sign this note, and no testimony except that of the plaintiff that the note was ever delivered to her by him; but she does not claim to have seen him sign the note.

In *Holmes v. Connable*, 111 Iowa, 298, it was said: "It will not do, as plaintiff's counsel seemed to think proper, to hold that because a certain number of witnesses have testified to the making of the contract, and none have been called to deny it, that plaintiff's case is established. The lips of the only two witnesses who could deny it are forever closed. The only person who could controvert the admissions alleged to have been made is the dead man against whose estate the claim

is produced. There is no defense that can be made, save
. . . in the improbability of the stories of the plaintiff's
witnesses, when tested by comparison with the other evidence
in the case, or the ordinary rules of human conduct under
similar circumstances." See, also, *Arnd v. Aylesworth,* 145
Iowa, 189.

It has been frequently held, not only by this court, but by
others, that uncontradicted evidence is not sufficient to com-
mand a directed verdict where the inferences to be drawn from
all the facts and circumstances are open to different conclu-
sions by reasonable men. *Anthony v. Merc. Ass'n,* 162 Mass.
354 (38 N. E. 973, 26 L. R. A. 406, 44 Am. St. Rep. 367). See
*Ellwood v. Telegraph Co.,* 45 N. Y. 549 (6 Am. Rep. 140);
*Dibble v. Ins. Co.,* 70 Mich. 1 (37 N. W. 704, 14 Am. St. Rep.
470).

The Supreme Court of Massachusetts, in discussing this
question, said: "It is not often, where a party has the bur-
den of proving a fact by the testimony of witnesses, that the
jury can be required by the court to say that the fact is proved.
They may disbelieve the witnesses. If the conclusion is to be
reached by drawing inferences from other facts, . . . or-
dinarily the jury alone can draw these inferences. It is only
when no inferences are possible except those which lead to one
conclusion that the jury can be required to find a proposition
affirmatively established."

As said in *Arnd v. Aylesworth, supra:* "It is often a
difficult question to decide when a witness, is in a legal sense,
uncontradicted. He may be contradicted by circumstances
as well as by statements of others contrary to his own. In
such cases courts and juries are not bound to refrain from
using their judgment and to blindly adopt the statements of
the witness for the simple reason that no other witness has
denied them, and that the character of the witness has not been
impeached."

In the case at bar, there is evidence that the claimant and

the deceased had been divorced ten or eleven years prior to the time it is claimed this note was executed and delivered to her. There is no evidence that they ever had any relationships with each other during all these years; that within a year after her divorce she had married another; that they were not on friendly terms; that he lived at plaintiff's house but a few weeks, and this just before his marriage to this administratrix; that the note purports to be executed during this time. The only transaction that the record discloses that they had during these years of their separation is to the effect that at one time he bought some cattle from the claimant. But, however this may be, the district court had before it the witnesses, had the opportunity of observing their demeanor on the stand. The record further discloses that deceased had five or six living children at the time it was claimed he executed this note.

*3. SAME: new trial: submission of issues.*

We think there was sufficient to justify the court in leaving the question, as to the due execution and delivery of this note, to the determination of the jury, and the court did not err in so holding. See *Werthman v. Mason City & Ft. Dodge Ry. Co.*, 128 Iowa, 135; *Post v. Dubuque*, 158 Iowa, 224; *Peebles v. Peebles,* 77 Iowa, 11; *Mally v. Mally,* 114 Iowa, 309; *Holland v. Kelly,* 149 Iowa, 391.

In the last case, this court said in speaking of the action of the court in sustaining a motion for a new trial: "Such orders—as we have had very frequent occasion to say—will not be reversed on appeal, unless it affirmatively appears that in granting them the trial court has abused its discretion."

*4. NEW TRIAL.*

Upon the whole record, we do not think the court erred in reversing its action and granting a new trial upon the record made, and the case is—*Affirmed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.