IN RE ESTATE OF CHARLES CHISMORE, DECEASED.

CLARISSA A. CHISMORE BIDER, Appellant, v. ANNA CHISMORE, Appellee.

BILLS AND NOTES:   Consideration—Sufficiency of Proof—Action Against Estate.   Consideration for a negotiable promissory note is sufficiently established, in an action against the estate of a de-ceased, by introducing the note, following proof of its genuineness. (Sec. 3069, Code, 1897, and Sec. 3060-a24, Code Supp., 1913.)

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

FRIDAY, APRIL 7, 1916.

THE facts are fully stated in the opinion on the former appeal, reported in 166 Iowa 217. Upon remand, the promissory note and evidence tending to prove the genuineness of the decedent's signature were introduced; and thereupon, verdict, on motion of the administratrix, directed for defendant. From judgment entered thereon, claimant appeals.—*Reversed.*

*E. J. Dahms* and *F. L. Anderson,* for appellant.

*C. E. Wheeler, E. C. Preston* and *O. N. Elliott,* for appellee.

LADD, J.—The claim was for the amount owed on a promissory note, alleged to have been executed by deceased to claimant, from whom he had been divorced. The administratrix of the estate of the deceased pleaded, in addition to the denials interposed by the statutes, want of consideration. On the first trial, a verdict was directed for plaintiff, but subsequently set aside, and a new trial granted. An appeal was taken from this order, but the ruling was approved. (166

BILLS AND NOTES: consideration: sufficiency of proof: action against estate.

Iowa 217). The court was said to have erred in holding that (1) whether the signature to the note was genuine and (2) whether there was a consideration therefor, were issues for the jury. The first of these questions was fully considered, and on the last trial, the only evidence adduced was the note and testimony tending to prove the genuineness of the signature. Thereupon, the administratrix moved that the jury be directed to return a verdict in her favor, for that the consideration of the note had not been proved. The motion was sustained, on the theory that the former opinion ruled that this was essential to recovery. If so, then this was rightly regarded as the law of the case, in so far as these parties are concerned. *Burlington, C. R. & N. R. Co. v. Dey,* 89 Iowa 13, 24; *Hendershott v. Western U. Tel. Co.,* 114 Iowa 415; *Vogt v. Grinnell,* 133 Iowa 363.

The law is equally well settled, however, that every contract in writing, signed by the party to be bound, imports a consideration. Section 3069, Code, 1897. This is especially true of the ordinary promissory note, for Section 3060-a24, Code Supp., 1913, declares that:

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

Because of this presumption, the burden of proof is on the defendant so asserting to prove want of consideration. *Board of Trustees v. Noyes,* 165 Iowa 601; *Luke v. Koenen,* 120 Iowa 103, 105; *Schulte v. Coulthurst,* 94 Iowa 418, 421. The only references to the matter of consideration to be found in the former opinion, aside from mention of the errors assigned, are these:

"To recover, the plaintiff must establish two propositions: (1) That the note, upon which she predicates her right to recover, was executed by intestate; (2) that it rests upon a good or valuable consideration."

How is this last to be accomplished? By introducing the note duly signed by defendant's decedent, and this is pointed out by the opinion in saying that:

"Every negotiable instrument is deemed, *prima facie*, to have been issued for a valuable consideration and every person whose signature appears thereon to have become a party thereto for value" (citing Code Supp., 1913, Sec. 3060-a24).

Whether the note was introduced in evidence on the former trial does not appear from the opinion, but it is very clear therefrom that the note, when identified by proof of decedent's signature, was held to be prima-facie evidence that it was given for value. And this is not obviated by what is said later on:

"In this case, the plaintiff's right to recover rests upon due proof of the execution of the instrument upon which she relies and that it rests upon a good or sufficient consideration" (citing *Schulte v. Coulthurst*, 94 Iowa 418).

If there were any doubt, it was resolved in favor of the sufficiency of the note alone as proof of consideration by the case cited; for there the court, speaking through Kinne, J., said:

"The introduction of the note, in the absence of evidence offered by the defendant, would make a prima-facie case entitling the holder to recover. . . . The note then imported a consideration. . . . The presumption obtained, until overcome, that the amount appearing from the note itself to be due from the decedent was in fact due. . . . After the note was in evidence there attached to it a presumption that it was unpaid, and that the amount appearing on its face to be due was in fact due from decedent. . . . The note itself, when in evidence, after its genuineness had been shown, raised the presumption that the amount represented by it was due, and such presumption obtained until overcome. In other words, it matters not how the fact as to what is due is

shown, whether by testimony as to the fact or by presumption raised by law.''

Evidently the trial court, in interpreting the opinion, confused what it is said must be established with the proof essential to do so. Conceding, without deciding, that consideration must have been proved to warrant recovery, this was done by the introduction of the note in evidence, in connection with the testimony showing the signature to have been genuine. Therefrom the presumption arose that it was given for value, and rested on a sufficient consideration. The court erred in directing the jury to return a verdict for the administratrix.— *Reversed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.