FIRST NATIONAL BANK OF MONTOUR, Appellee, v. J. B. BROWN, Appellant.

**BILLS AND NOTES:** Holdership in Due Course—Jury Question. The maker of a fraud-induced negotiable promissory note has no *absolute right,* under any and all circumstances, to have the jury pass upon the holdership of the transferee in due course. Uncontradicted and unimpeached testimony reviewed, and held to show *per se* that the transferee was a holder in due course.

*Appeal from Tama District Court.*—B. F. CUMMINGS, Judge.

JUNE 24, 1924.

ACTION by plaintiff, as indorsee and an alleged holder in due course, to recover on a certain promissory note executed by the defendant to the Iowa Texas Development Company, as payee. At the close of all the testimony, plaintiff's motion for a directed verdict was sustained, and upon verdict, judgment was entered in favor of the plaintiff for the face of the note, with interest. Defendant appeals.—*Affirmed.*

*C. E. Walters* and *H. J. Ferguson,* for appellant.

*C. H. E. Boardman,* for appellee.

DE GRAFF, J.—This appeal involves but one proposition: Did the trial court correctly rule the case in sustaining plaintiff's motion for a directed verdict? The proposition has to do with the *bona fides* of the plaintiff in the purchase of the note in suit. The execution of the note is admitted by the defendant. The answer denies that plaintiff is a holder in due course, and affirmatively alleges that the note was given in part payment for stock in the Iowa Texas Development Company, a corporation, which stock was of no value, and the consideration for the note had completely failed. Specific fraud is pleaded, and it is alleged by defendant that the plaintiff bank had knowledge of the fraud and of the fraudulent character of the company be-

fore it purchased the instant note. It was a $1,000 note. Plaintiff bank paid therefor before maturity $983.30. There can be no question, under the record, that the fraud pleaded by the defendant is sustained. The pertinent question is: Does the evidence directly or circumstantially impeach the good faith of the bank in the purchase of the note? May reasonable inferences be drawn from the facts and circumstances surrounding the negotiation and purchase of the instrument, tending to prove the *mala fides* of the purchasing bank? If either question can be answered in the affirmative, then a jury question was presented, and the court erred in directing a verdict.

Plaintiff bank is situated in a small rural town. It had no connection whatever with the Iowa Texas Development Company. It is shown that several reputable and influential men in that community personally investigated the proposition, and it is fair to say that both the plaintiff bank and the defendant Brown had confidence in these men, who had invested thousands of dollars in this promotion scheme. At the time the bank purchased the note, one of these men was present. Brown himself, when he signed the note, "understood it was to be put in the bank somewhere to get money on." The cashier of the bank had knowledge of the fact that the note was given by Brown for the purchase of stock in the development company. He also knew the nature of the business transacted by the company. This knowledge in itself does not taint the transaction or constitute notice of the fraud pleaded. The bank also knew that citizens of high caliber and financial standing in that community believed that the company had a worth-while proposition, and both Brown and the bank were influenced by the reports of these men, who became investors. We fail to discover any evidence in the record or any circumstances from which inferences may be drawn that impugn or impeach the good faith of the purchasing bank. We are dealing with a negotiable instrument—a courier without luggage. Not every case involving the *bona fides* of a purchaser presents a jury question. Negotiability is not in the same category as assignability, and contemplates that a note conceived in fraud may find lodgment in a third party whose title thereto is free from a pre-existing equity or defense. Cases are frequent in which we have stated the rule,

although there is no infallible test to guide the trial court in ruling a motion for a directed verdict. See *City Nat. Bank v. Mason,* 192 Iowa 1048; *Second Nat. Bank v. Scanlon,* 196 Iowa 1305.

In *Commercial Sav. Bank v. Colthurst,* 195 Iowa 1032, it is written:

"If it can be said that the testimony in a given case is not only consistent with the good faith of the purchaser, but is such that no fair-minded person can draw any other inference therefrom, then a court is justified in directing a verdict."

Direction of verdicts in negotiable instrument cases is not essentially different than in other forms of action. In the last analysis, it is a question of the sufficiency of evidence. As said by Seevers, J., in *Starry v. Dubuque & S. W. R. Co.,* 51 Iowa 419:

"Why occupy the valuable time of the court at the public expense, for the purpose of going through a useless form and ceremony?"

This was said many years prior to the repudiation of the scintilla rule in this state, overruling the earlier decisions. *Meyer & Bros. v. Houck,* 85 Iowa 319. The rule governing directed verdicts, so far as it may be termed a rule, has undergone an evolution, as a study of the earlier cases in all jurisdictions will disclose. See *Gibson v. Hunter,* 2 H. Blackstone's Rep. 187; *Fowle v. Common Council of Alexandria,* 11 Wheat. (U. S.) 320; *Franks v. State,* 1 G. Greene 541; *Way v. Illinois C. R. Co.,* 35 Iowa 585. The principle stated in the foregoing cases is no longer followed in these jurisdictions. *Jewell v. Parr,* 13 C. B. 909; *Rider v. Wombwell,* L. R. 4 Exch. 32; *Pleasants v. Fant,* 22 Wall. (U. S.) 116; *Johnson v. Buffalo Center St. Bank,* 134 Iowa 731. See, also, review of this subject by Hon. George Cosson in Iowa Law Bulletin, Vol. IX, No. 3, page 169, March, 1924.

To sustain the proposition advanced by the appellant in the instant case, we would be compelled to say that the defendant has an inherent right to have a jury pass upon his claim, or that the credibility of an uncontradicted and unimpeached witness in all cases presents a jury question. We cannot make

such a pronouncement. In *Second Nat. Bank v. Scanlon*, supra, it is said:

"The evidence that the transferee of a negotiable instrument is a holder in due course may be so indubitable as to make it the duty of the trial court to direct a verdict in behalf of the holder of such instrument, even though it is established that the instrument was induced by fraud on the part of the original payee."

This is the case at bar. The judgment entered is, therefore,—*Affirmed.*

ARTHUR, C. J., FAVILLE and VERMILION, JJ., concur.