IN RE ESTATE OF J. A. WORK.

S. S. BUSER, Claimant, Appellee, v. EDMUND D. MORRISON, Administrator, Appellant.

No. 40454.

NOVEMBER 11, 1930.

REHEARING DENIED APRIL 10, 1931.

*Edmund D. Morrison,* for appellant.

*Livingston & Eicher* and *T. L. Brookhart,* for appellee.

WAGNER, J.—On November 26, 1927, the claimant, S. S. Buser, filed in the clerk's office of Washington County his claim against the estate of J. A. Work, deceased, which claim is founded upon a promissory note in the principal sum of $10,000, bearing date of February 7, 1926, due in six months, payable to the claimant, and purporting to have been signed by the decedent, J. A. Work, and others. A copy of the note is attached to and constitutes a part of the claim. Edmund D. Morrison, administrator of said estate, filed his answer thereto, alleging therein, in addition to the statutory denial, a general denial of every allegation of the claim, and also alleging certain affirmative defenses. At the close of the evidence, the court sustained claimant's motion for a directed verdict in his favor, and entered judgment establishing the claim against the said estate for the full amount due upon the note, according to its terms. From this judgment, the defendant administrator has appealed.

It appears that, on August 22, 1928, the plaintiff filed a petition in equity in the clerk's office of Washington County, in which the widow and heirs of deceased, and others, are parties  defendant. It is alleged in said petition that the decedent, J. A. Work, was indebted to the plaintiff at the time of his death, upon a $10,-000 promissory note, and that, prior to his death, said decedent had made fraudulent transfers and conveyances of his property to the defendants therein named; and in the petition he asked for the usual equitable relief as against fraudulent transfers and conveyances. The defendant offered this petition in evidence,

which, upon objection by the claimant, was excluded. It is the contention of the appellant that said petition should have been admitted for impeachment purposes. A careful reading of said petition reveals that there is nothing therein inconsistent with the plaintiff's claim, and the ruling of the court in excluding the same from the evidence was clearly right.

A. C. Dewey was a witness for the claimant. He also signed the note in suit, and admits his liability thereon, but testified that the Varner Finance Corporation, of which he is an officer and stockholder, is the principal liable upon the note, and that the liability of the others signing the note is only that of sureties. It appears that, on November 26, 1927, the same date on which the claim in suit was filed, Dewey filed his claim against said estate, asking that any amount which he may be compelled to pay thereon be established pro rata as a contingent claim against said estate. The appellant offered the Dewey claim in evidence, which, upon objection of the claimant, was excluded. It is also the contention of the appellant that said claim should have been admitted for impeachment purposes. It will be observed that' there is nothing in the claim inconsistent with the testimony of Dewey as a witness, and the ruling of the court in excluding the same was clearly right.

The defendant also offered in evidence the claim of M. C. Barton, which was filed on the same day of the filing of the Buser claim. The Barton claim is identical with that of the Dewey claim. Barton's name purports to have been signed to the note in suit. There is nothing in said claim inconsistent with any of claimant's evidence, neither does it tend to establish any of the defendant's affirmative defenses; and the court properly excluded the same from the evidence.

Under the heading "Errors Relied on for Reversal," the appellant alleges:

"The court erred in overruling defendant's objections to testimony as follows:

"Witness McKee. (A) Abs. p. 6, l. 34 to p. 7, l. 9. (B) Abs. p. 7, ll. 27-34. (C) Abs. p. 8, ll. 9 to 16 and motion to strike ll. 17 to 23. (D) Abs. p. 8, l. 30 to p. 9, l. 6 and motion ll. 7 to 11. (E) Abs. p. 9, ll. 11 to 27.

"Witness Willits. (F) Abs. p. 12, l. 7 to l. 15.

"Witness Dewey. (G) Abs. p. 16, ll. 4-15. (H) Abs.

p. 16, ll. 16-23. (I) Abs. p. 16, ll. 24-28. (J) Abs. p. 16, l. 33 to p. 17, l. 7. (K) Abs. p. 17, ll. 8 to 15. (L) Abs. p. 17, ll. 16-23.''

The aforesaid statements of error as to the rulings of the court on the introduction of testimony, referring only to the lines and pages of the abstract, do not comply with Rule 30 of this court, so as to present anything for review on appeal. See In re Estate of Mott, 200 Iowa 948; Morrow v. Downing, 210 Iowa 1195; Cary-Platt v. Iowa Elec. Co., 207 Iowa 1052. However, after a careful reading of the entire record,  we fail to find any prejudicial error in the rulings of the court relative to the introduction of testimony.

The only witnesses called to testify in behalf of the appellant were the plaintiff and the witness Dewey, who had testified in behalf of the claimant. At the close of the evidence, on motion of the claimant, the court excluded the testimony of said witnesses which had been offered in behalf of the appellant, and also sustained claimant's motion for a directed verdict. If, by considering the testimony of said witnesses which was thus excluded, claimant's motion for a directed verdict was properly sustained, then the error, if any, in excluding said testimony is nonprejudicial; and in the consideration of the motion for a directed verdict, we will consider the evidence of the said two witnesses which was stricken by the court, together with the evidence which remained in the record. The evidence, so considered, fails to establish any of the affirmative defenses averred by the appellant. The claimant testified that he is the owner of the note, which was in his possession and introduced in evidence. This is not contradicted. The note is negotiable. It is a well recognized rule that the introduction of a negotiable instrument in evidence by the plaintiff, with proof of the genuineness of the signature, makes a prima-facie case for recovery. In re Estate of Rule, 178 Iowa 184; In re Estate of Chismore, 175 Iowa 495; In re Estate of Chismore, 166 Iowa 217. See, also, Section 9476 of the Code, 1927, which provides:

''And where the instrument is no longer in the possession

of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

The question involved in the case is as to the genuineness of the signature. The genuineness of the signature of the decedent is put in issue by the statutory denial under Section 11961 of the Code of 1927, without any pleading to that effect, and the burden is placed upon the claimant to prove the genuineness of the signature. See In re Estate of Johnson, 210 Iowa 891; Smith v. King, 88 Iowa 105; In re Estate of Chismore, 166 Iowa 217. We now turn to the record for its disclosure upon this issue. Only two witnesses were examined upon this question, Willits and Dewey. Willits testified that his home, at the time of the trial, was in Rock Island; that he formerly lived in Washington, had an office in the bank building with the Varner Finance Corporation; that J. A. Work had an office across the hall; that he was present in the office of the Varner Finance Corporation when the note in suit was signed; that J. A. Work was also present; that he saw the note signed; that Mr. Work had it in his possession and passed it around. "Q. Then, did you see Mr. Work sign that note? A. Yes, sir." On cross-examination, he testified that he. is in the real estate and insurance business, and has been working in the real estate business more or less for 15 years; that, at the time when the note was signed, the parties were in a room about 14 by 16, and he was at the west end of the table,—an ordinary flat top table, about 6 feet long; that it was sometime in February, 1926; that he moved out of that office sometime in March, and the incident concerning which he testified occurred before he moved out. Dewey testified that he is a stockholder in the Varner Finance Corporation; that it is his claim that the Varner Finance Corporation is the real principal on the note; that he signed it, and is liable on it; that he is a stockholder in, and the secretary and treasurer of, the corporation. "I am familiar with the signature of J. A. Work, and have seen him write his name, and have seen files and instruments with his name attached to them. * * * It is my opinion that the words J. A. Work on Exhibit C [the note in suit] were written by J. A. Work. I know his signature." There is no contradiction of the aforesaid testimony of Willits and Dewey.

The question is: Did the court properly direct a verdict for the claimant? The signature to a promissory note may be proven by a person who saw it placed there, or by those who  know the handwriting and signature of the maker, or by experts, by comparison, or by comparison by the jury with writings of the same person which are proved to be genuine. It will be observed that Willits testified that he saw the note signed, and saw Mr. Work sign it. He is in no way interested in this controversy. As to his testimony on this proposition, he is in no way impeached; his general moral character and general reputation for truth and veracity are not attacked; there is nothing in the record which nullifies or impugns his credibility as a witness as to this matter. There is no testimony that Willits was not present at the time in question. All of the affirmative testimony is that he was present. Willits is corroborated by Dewey, who has shown himself familiar with the signature of Work, and who testified that the signature is that of Work. Dewey's only interest, as testified to by him, is that he is a cosurety on the note with Work. Neither is Dewey's general moral character or his general reputation for truth and veracity questioned. There is no testimony in the record tending to show that the signature is not genuine, no dispute in the evidence as to this material point, no fact or circumstance from which a contrary inference might be reasonably drawn. Only one reasonable conclusion can be drawn from the evidence, and that is that the signature in question is the genuine signature of J. A. Work.

The appellant relies upon Oleson v. Hendrickson, 12 Iowa 222, where this court held that affirmative matter in the defendant's answer had been improperly stricken, and that a verdict had been improperly directed for the plaintiff, saying:

"It is true, all the evidence for the defense had been ruled out as inadmissible, under the state of the pleadings; still, before the plaintiff could recover, he was bound to prove the substance of his complaint against the defendant. Whether he had done so or not it was the province alone of the jury to determine; and it was not competent for the court to take this matter out of the hands of the jury, and order them to find the defendant guilty."

If it may be said that said case holds that the party having the burden of proof is at all events entitled to the verdict of a jury, this doctrine has been renounced by the later decisions of this court. See First Nat. Bank of Fairfield v. Dutton, 199 Iowa 468; First Nat. Bank of Montour v. Brown, 197 Iowa 1376. This court stands committed to the doctrine that a scintilla of evidence is insufficient to call for the submission of a case to the jury. See Meyer & Bros. v. Houck, 85 Iowa 319; Schmidt v. Hayden, 205 Iowa 1369; First Nat. Bank of Montour v. Brown, 197 Iowa 1376. This doctrine applies to both parties to the litigation. In Schmidt v. Hayden, 205 Iowa 1369, we said:

"The direction of a verdict, in its last analysis, is always a question of the sufficiency of the evidence."

We likewise declared in First Nat. Bank of Montour v. Brown, 197 Iowa 1376. It is apparent from the record in this case that, if a verdict were returned for the defendant, it would be the duty of the court to set the same aside for lack of support by, or insufficiency of, the evidence. This being true, the trial court was fully justified in directing a verdict for the plaintiff. As is well said in First Nat. Bank of Montour v. Brown, 197 Iowa 1376:

"To sustain the proposition advanced by the appellant in the instant case, we would be compelled to say that the defendant has an inherent right to have a jury pass upon his claim, or that the credibility of an uncontradicted and unimpeached witness in all cases presents a jury question. We cannot make such a pronouncement."

The appellant relies upon In re Estate of Chismore, 166 Iowa 217, but from a careful reading of the case it will be seen that no one testified that he saw the deceased sign the note, as is done by Willits, a disinterested and unimpeached witness, in the instant case. The court in the cited case directed a verdict for the claimant, and afterwards sustained a motion for a new trial; and the action of this court in affirming the trial court is based largely upon the policy of this court in refusing to reverse under such circumstances, unless it affirmatively appears that the trial court, in granting a new trial, has abused his dis-

cretion. The appellant also relies upon Arnd v. Aylesworth, 145 Iowa 185; McNight v. Parsons, 136 Iowa 390; Callendar Sav. Bank v. Loos, 142 Iowa 1; Merchants Nat. Bank v. Grisby, 170 Iowa 675; Indiana Wagon Co. v. Van De Pol, 182 Iowa 763; Plank v. Swift, 187 Iowa 293; Bennett State Bank v. Schloesser, 101 Iowa 571; German American Nat. Bank v. Kelley, 183 Iowa 269; and other similar cases. But a careful reading of said cases will show that the facts as disclosed by the record therein are not analogous to the facts as disclosed by the record in the instant case, and that they are clearly distinguishable.

The action of the trial court in directing a verdict in the case at bar was clearly right, and the judgment is hereby affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.