Rube McFerren, Guardian, Plaintiff, v. First National Bank of Webster City, Appellant.

No. 40953.

November 17, 1931.

Rehearing Denied March 18, 1932.

Burnstcdt & Hemingway and Martin & Alexander, for appellant.

Maurice J. Breen, for appellee.

WAGNER, J.—The action is founded upon a certificate of deposit issued by the defendant-bank to the minor, William Stephenson, on November 23, 1926. On December 1, 1926, said bank closed, but shortly thereafter, in February, 1927, it was reopened for business, having been reorganized under what may be properly termed the "Waiver Plan." The so-called waiver provides that the stockholders of the bank have voluntarily surrendered their old capital stock and earned surplus and have raised $60,000.00 in lieu of their statutory liability; that it is proposed that the bank shall be reorganized with a capital stock of $100,000.00 and a contributed surplus of $10,000.00; that the said reorganized bank shall take over certain of the cash, assets, and securities at their book value plus accrued interest thereon in an amount sufficient to offset 50 per cent of the ordinary deposit liabilities of the bank, "it being understood, that liability for public deposits, deposits of charitable and religious institutions, rediscounts and bills payable, together with any ordinary deposit not signing this waiver, will be paid in full by the reorganized bank"; that in consideration of other depositors signing like waivers in amounts aggregating 90 per cent of all ordinary deposits, and for the mutual purpose of enabling the bank to resume business, and to best secure and pay all depositors, "it is understood and agreed between the undersigned depositors, creditors and claimants of the First National Bank of Webster City, as follows, to wit:

"1. That as such depositor I do by this instrument, surrender, assign and set over to the First National Bank of Webster City, Iowa, when reorganized, all my right, title and interest in and to fifty per cent of the certain checking deposits, savings deposits, time certificates of deposit, demand certificates of deposit, cashier's checks or drafts (all or any one or more shall be

hereinafter called deposits) with interest as provided by the terms of such deposits to the date of the closing of the First National Bank of Webster City, to wit: The first day of December, 1926.

"2. That in consideration therefor I am to receive and do by these presents agree to accept from the reorganized First National Bank of Webster City, Iowa, certificates of deposits in the aggregate amount of fifty per cent of my total deposits, with interest, if any in the First National Bank of Webster City, Iowa, said certificates to be in an amount as follows: 10 per cent to be payable March 1, 1927; 10 per cent to be payable September 15, 1927; 15 per cent to be payable March 1, 1928; 15 per cent to be payable September 15, 1928; with interest thereon at four per cent from the date of the reopening of said bank until such deposits become due and payable.

"3. That in lieu of the remaining fifty per cent of my deposit claim I agree to and do hereby purchase a participating interest in the non-acceptable assets and doubtful bills receivable of the First National Bank of Webster City, Iowa, remaining after the selection by the reorganized First National Bank of Webster City, Iowa, of certain assets (including cash and securities), for acceptance of the reorganized bank, has been made. Said non-acceptable and doubtful assets to be delivered by the First National Bank to three trustees to be liquidated by them for the benefit of the depositors, claimants and stockholders * * *.

"4. Under the above conditions I agree to accept a trustees' certificate to be executed by three trustees, one of which is to be named by the stockholders; one to be named by the depositors signing waivers, and one to be named by the management of the reorganized First National Bank of Webster City, Iowa, the purpose being that each depositor and claimant shall receive the full face amount of his claim against the First National Bank of Webster City, Iowa, in the form of certificates of deposit issued by the reorganized bank and by trustees' certificates as above described. To indemnify the depositors signing waivers it is understood that all of the assets of the First National Bank not accepted by the reorganized bank shall be set aside and placed in the hands of the three trustees to be nominated as before mentioned. Said trustees are hereby empowered

to do every act necessary and advantageous to effecting liquidation of assets in their charge, including the power to compromise and incur expense. * * *

"5. This waiver and contract is not to be binding upon me until the First National Bank of Webster City, Iowa, shall have been recapitalized in the manner above mentioned, and the acceptance by said reorganized bank of the terms and conditions of this contract.

"6. I hereby direct said bank, as and when reorganized, to return to the holder from whom received all checks drawn on my account and dated prior to the time of completion of the reorganization of said bank."

Certificates of deposit for 50 per cent of the amount of the original certificate were signed by the bank and a trustees' certificate was signed for the remaining 50 per cent thereof, but were never delivered to the minor, nor anyone acting in his behalf. On January 23, 1929, the plaintiff was appointed guardian of the minor, William Stephenson, and duly qualified as such. Prior to this time, the minor had no guardian. The guardian made demand upon the bank for the amount due upon the original certificate of deposit, according to its terms, payment was refused, and this action was begun.

The bank in its answer, admits that there is due the said minor the sum of $400.00. It pleads that any action instituted should be by the minor, and not by a guardian. It further pleads the closing of the bank, the reorganization of the same under the "waiver plan," and that the minor executed the waiver as aforesaid, and makes a copy of said purported waiver a part of the answer.

There is no merit in the contention of the defendant-bank that the action should have been instituted by the minor instead of the guardian, as it is the duty of the guardian of property of minors to prosecute and defend for their wards. See Sections 12581 and 12582, Code, 1927.

The appellant, relying upon Sections 9193 and 9288, Code, 1927, makes the contention that the so-called waiver, which was introduced in evidence, upon which appears the name of the minor, is binding upon him, and that for said reason, there can be no recovery by the plaintiff-guardian for more than $400.00,

50 per cent of the amount of the original deposit. It is the appellant's contention, that, under Section 9193, Code, 1927, the deposit having been made in the name of the minor, a receipt or acquittance of the minor therefore shall be valid and binding upon him, and that, although this section appears in the chapter of the Code referring to savings banks, it is made applicable to National banks by reason of the provisions of Section 9288, Code, 1927. It will be noted that the aforesaid writing is in the nature of a contract; but for reasons hereinafter stated, we find it unnecessary to determine the merits of appellant's contention relative to the waiver claimed by appellant to constitute a release or discharge of one half of the amount.

As hereinbefore stated, the waiver purported to contain the name of the minor, and a copy of the same is attached to and made a part of the answer. The plaintiff filed no reply to said answer. No reply was necessary, as the averments of the answer are deemed denied by operation of law. See Sections 11156, 11157, and 11201, Code, 1927. The appellant relies at this point upon Sections 11218 and 11219, Code, 1927, which provide:

"Section 11218: When a written instrument is referred to in a pleading, and the same or a copy thereof is incorporated in or attached to such pleading, the signature thereto, and to any indorsement thereon, shall be deemed genuine and admitted, unless the person whose signature the same purports to be shall, in a pleading or writing filed within the time allowed for pleading, deny under oath the genuineness of such signature."

"Section 11219: If such instrument is not negotiable, and purports to be executed by a person not a party to the proceeding, the signature thereto shall not be deemed genuine or admitted, if a party to the proceeding, in the manner and within the time before mentioned, states under oath that he has no knowledge or information sufficient to enable him to form a belief as to the genuineness of such signature."

The proposition of the appellant at this point is that, since there is no reply containing a denial, under oath, of the signature of the minor purporting to be attached to the waiver, the signature thereto must be deemed genuine. Verification of pleadings by a guardian is not required. See Section 11166,

Code, 1927. In Farmers & Traders State Bank of Bonaparte v. First National Bank of Farmington, 201 Iowa 73, we held that a pleading by the guardian, alleging under oath that he has no knowledge or information sufficient to form a belief as to the genuineness of the signature of his ward, and therefore denying that the signature of the ward is true and genuine, is sufficient to place the burden of proof upon the other party. The appellant cites no cases, and in our investigation we have found none, wherein we have held that a denial by the guardian under oath of the genuineness of the signature of his ward is required to place the burden of proof as to the genuineness of the signature upon the opposing party. In claims against the executors of estates, we have held that the statutory denial alone is sufficient to place the burden of proof upon the party relying upon the genuineness of the signature. See In re Estate of Johnson, 210 Iowa 891; In re Work's Estate, 212 Iowa 31; Smith v. King, 88 Iowa 105; In re Estate of Chismore, 166 Iowa 217. Whether the same rule should be held to apply to an action wherein a guardian is a party, as we have held does apply in an action against the executor or administrator of an estate, we find it unnecessary to determine in this case; for assuming, without deciding, that a verified pleading by the guardian is necessary to place the burden of proof as to the genuineness of the ward's signature upon the appellant, it must fail in this action. Even in that event, the plaintiff-guardian, under the statutory denial, may assume the burden of proof as to said issue. See Ainsworth Savings Bank v. Colthurst, 197 Iowa 363, and cases therein cited. In the cited case we said:

"But this statute has been in effect for more than 50 years, and has been repeatedly construed in this regard. The substance of that construction is that, if the purported maker of the instrument fail to conform to the provision of this section, then he relieves the plaintiff (defendant) of the burden of proof on that question. He may, nevertheless, by an unverified general denial or by a statutory denial put the question of genuineness in issue, with this qualification: that the burden of such issue will be upon the defendant (plaintiff) and not upon the plaintiff (defendant)."

The appellant states its proposition in argument as follows:

"So far as the record in this case is concerned, this waiver must be deemed to be genuine and it must be admitted because there was no denial of the same under oath."

It is clearly apparent, from the foregoing authorities, that the appellant is wrong in its contention.

In the case at bar, the evidence is uncontradicted, and conclusively establishes that the purported signature attached to the waiver is not that of the minor, and the bank officers had full knowledge of said fact. No other conclusion could be drawn from the evidence. Under such circumstances, it was the duty of the court to sustain appellee's motion for a directed verdict. See In re Work's Estate, 212 Iowa 31.

For the foregoing reasons, the judgment of the trial court is hereby affirmed.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.